UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SOFIA KATRIN SMITH,

    Petitioner,

    v.                            Case No. 3:05-cv-1076-J-12HTS
                                          3:88-cr-215-J-12

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

By Order (Civ. Doc. 8, Crim. Doc. 1754), filed January 12, 2006, the Court dismissed the Petitioner's §2255 motion without prejudice as a successive petition for lack of jurisdiction for failure to obtain permission for filing from the Eleventh Circuit Court of Appeals. Upon review of the record, the Court notes that the Petitioner's first §2255 motion was dismissed for lack of jurisdiction because the Petitioner's appeal of her conviction was pending, no ruling was made on the merits of her claims. See Crim. Docs. 1167 and 1174. As a result, her second §2255 motion was not subject to the requirement that she obtain permission for filing from the Eleventh Circuit Court of Appeals. As a result, the Court will vacate it's Order (Civ. .Doc. 8, Crim. Doc. 1754) and set aside the Judgment (Civ. Doc. 9).

Nevertheless, the Petitioner's §2255 (Civ. Doc. 1, Crim Doc.1733) motion is still due to be dismissed as untimely. The Petitioner asserts that the United States Supreme Court cases of United States v. Booker, 543 U.S. 220 (2005) and Blakely v. Washington, 542

U.S. 296 (2004) are new rules of constitutional law made retroactive to cases on collateral review. As a result, he claims that he is due to be re-sentenced in accordance with those cases.

The Eleventh Circuit has held that Booker and Blakely do not qualify as new rules of constitutional law for §2255 purposes because the Supreme Court has not made them retroactively available on collateral review. In re Anderson, 396 F.3d 1336, 1339 (11th Cir.2005)(addressing Booker), In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004)(addressing Blakely). As a result, a new one-year period in which to file a §2255 motion has not commenced. Since the Petitioner's conviction was final in 1993 (see Smith v. United States, 507 U.S. 990 (1993)), her §2255 is untimely. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. That the Court's Order (Civ. Doc. 8, Crim. Doc. 1754) is vacated and the Judgment (Civ. Doc. 9) is set aside;

2. That the Petitioner's second § 2255 motion (Civ.Doc. 1, Crim.Doc.1733) is dismissed without prejudice as untimely, the civil case is dismissed without prejudice, and the Clerk is directed to enter judgment, close the civil case, and terminate the criminal motion.

**DONE AND ORDERED** this 25TH day of January 2006.

Howell W. Melton
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
AUSA (Ronca)
Petitioner