UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:88-cr-215-J-12

SOFIA KATRIN SMITH

## ORDER

This cause is before the Court on Defendant's Motion to Terminate Supervised Release (Doc. 1960), filed January 26, 2010. On January 28, 2010, United States' Consolidated Opposition to Defendants' Motions to Terminate Supervised Release (Doc. 1962) ("consolidated opposition") was filed. The Government opposes the early termination of Defendant's supervised release, asserting, among other reasons, that her commendable post-incarceration efforts fall short from demonstrating that the period of supervision served thus far fulfills the purposes of supervised release envisioned by Congress.[1]

Pursuant to 18 U.S.C. § 3583(e)(1),

> [t]he Court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) – terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure

---

[1] In its consolidated response (Doc. 1962), the Government indicates that it did not oppose the motion for early termination of supervised release of Codefendant Renea Darby, which the Court has heretofore granted (see Doc. 1939), because she demonstrated some mitigation not shared by any other Codefendant. It also states that "[i]n retrospect, such leniency by the United States might have been misplaced."

> relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice....

One of the purposes of supervised release is to assist convicted felons in the transition to life in the community after serving a long prison term for a serious offense. See U.S. v. Johnson, 529 U.S. 53, 55 and 59 (2000). In determining the conditions of supervised release, the Court considers numerous factors, including, the nature and circumstances of the offense, the history and characteristics of the defendant, and the needs to afford adequate deterrence to criminal conduct, protect the public from further crimes from the defendant and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment. See 18 U.S.C. § 3583(c), see also United States v. Reagan, 162 F.Appx. 912, 914 (11th Cir. 2006). Supervised release provides post-confinement assistance, making its purpose distinct from that of incarceration. See, Johnson, 529 U.S. at 60.

After a jury trial, Defendant was found guilty on Count 1 of the Indictment. See, Judgment, Doc. 1071. Count 1 charged Defendant with conspiracy to manufacture, distribute, and possess with intent to distribute 50 grams or more of cocaine base, from in or about January 1988 through on or about December 11, 1988, in violation of 21 U.S.C. § 846. On July 20, 1989, the Court sentenced the Defendant to thirty (30) years imprisonment to be followed by a five (5) year term of supervised release. Id. On April 18, 2008, pursuant to 18 U.S.C. 3582(c)(2), the Court reduced Defendant's sentence of imprisonment to 262 months, or time served, whichever was greater. See, Doc. 1893.

The Defendant states that she was released from incarceration on April 28, 2008, after serving 19 years and 4 months of her 30 year sentence, to begin serving a five-year

term of supervised release. She describes in her motion various factors she believes satisfy the criteria for early termination of her supervised release.

While post sentencing rehabilitative efforts, even if exceptional, are not an appropriate basis for downward departure on re-sentencing, such efforts may provide a basis for early termination of supervised release under 18 U.S.C. 3583(e)(1). See U.S. v. Lorenzo, 471 F.3d 1219 (11th Cir. 2006). The Court is of the opinion that the conduct and rehabilitation efforts described by Defendant while commendable, are not exceptional to the extent that early termination of supervised release is warranted. The Court expects such laudable efforts of all defendants on supervision as part of their re-entry into the community after serving a lengthy sentence for the commission of serious offenses.

Upon review of Defendant's motion and Presentence Investigation Report, as well as the Government's consolidated opposition, and upon consideration of the applicable law and relevant factors described above, including the seriousness of the offense of conviction, the length of the sentence of incarceration, the purposes of supervised release and the period of time Defendant has spent on supervision, the Court is not satisfied that either the interest of justice or the post-sentencing conduct described in her motion warrants early termination of her supervised release. The Court also notes that refusal to terminate supervised release does not constitute a modification of the term of supervised release, therefore the Court is not required to conduct an evidentiary hearing pursuant to Fed.R.Crim.P. 32.1(c). Reagan, 162 Fed.Appx. at 913.

Accordingly, it is

3

**ORDERED AND ADJUDGED:**

That Defendant's Motion to Terminate Supervised Release (Doc. 1960) is denied.

**DONE AND ORDERED** this 25TH day of February 2010.

*Howell W. Melton*
Senior U.S. District Judge

Copies to:
AUSA (Henry)
Defendant